UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **P.Y.M.T., a minor by and through her guardian ad litem Deibi Ontiveros, et. al.,**<br><br>**Plaintiffs**<br><br>v.<br><br>**CITY OF FRESNO, et al.,**<br><br>**Defendants** | CASE NO. 1:16-CV-0817 AWI MJS<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS AND ORDER TO SHOW CAUSE**<br><br>(Doc. No. 15) |

This case arises from the shooting death of Miguel Moreno Torrez ("Torrez") by two officers of the City of Fresno Police Department. Plaintiffs are the relatives of Torrez. Currently before the Court is Defendants' motion to dismiss. For the reasons that follow, the motion will be granted and this case will be closed.

*Procedural History*

On May 7, 2015, the case of P.Y.M.T. v. City of Fresno, 1:15-cv-0710 JAM BAM ("*PYMT 1*") was filed in the Eastern District of California – Fresno Division. The *PYMT 1* complaint was based on the shooting death of Torrez by members of the City of Fresno Police Department. See *PYMT 1* Doc. No. 1. The plaintiffs were identified as Torrez's minor daughter PYMT, Torrez's wife Deibi Ontiveros (and guardian ad litem of PYMT), and Torrez's mother Maria Carrillo. See id. The defendants were the City of Fresno, the City of Fresno Police Department, and Doe police officers. See id. The complaint alleged that Ontiveros and Carrillo

were successors in interest under California Code of Civil Procedure § 377.30.  See id.  The complaint included nine causes of action:  excessive force in violation of 42 U.S.C. §§ 1983 and 1985, negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, assault, battery, California Government Code § 845.6, California Civil Code § 52.1, and wrongful death.  See id.

On July 17, 2015, Judge Mendez approved a stipulation between the parties.  See Doc. Nos. 17, 18.  The parties stipulated to the dismissal with prejudice of the negligence, negligent infliction of emotional distress, § 845.6, and § 52.1 claims, and to the dismissal with prejudice of the remaining claims by plaintiffs Deibi Ontiveros and Maria Carrillo.  See id.  The parties also stipulated that the complaint would be deemed to be amended to include two claims under § 1983, a claim for deprivation of familial association and a claim of denial of adequate medical care.  See id.  The medical care claim was brought by PYMT on behalf of Torrez, and the familial association claim was brought by PYMT, Maria Carrillo, and Torrez's father Antonio Moreno individually.  See id.  By necessary implication, the complaint also was amended to include Antonio Moreno as a plaintiff.  See id.

On June 11, 2016, this lawsuit was filed.  See Doc. No. 1.  The Complaint is based on the shooting death of Torrez by two Fresno police officers.  See id.  The Plaintiffs in this case are Torrez's minor daughter PYMT, Torrez's wife Deibi Ontiveros (and guardian ad litem of PYMT), Torrez's mother Maria Carrillo, and Torrez's father Antonio Moreno.  See id.  The Defendants are identified as the City of Fresno, the City of Fresno Police Department and police officers Colin Lewis and Jordan Wamhoff.  See id.  The Complaint alleges that Ontiveros, Carrillo, and Moreno are successors in interest under California Code of Civil Procedure § 377.30.  See id.  The Complaint alleges seven causes of action:  excessive force in violation of 42 U.S.C. §§ 1983 and 1985, intentional infliction of emotional distress, assault, battery, wrongful death, deprivation of familial relations under § 1983, and denial of adequate medical care under § 1983.  See id.

On July 15, 2016, the defendants in *PYMT 1* filed a motion to dismiss for failure to obey a court order and failure to participate in discovery.  See Doc. No. 38.  The defendants sought dismissal pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b).  See id.

On September 19, 2016, Judge Mendez granted the motion to dismiss in *PYMT 1*. See Doc. No. 46. The dismissal relied on the court's inherent and statutory authority, including the Federal Rules of Civil Procedure. See id. Judge Mendez dismissed all claims "with prejudice and without leave to amend." Id. Judgment was entered in favor of defendants on the same day and the case was closed. See Doc. No. 47. No appeals were taken in *PYMT 1*.

On April 25, 2017, Defendants filed their motion to dismiss in this case. See Doc. No. 15.

*Defendants' Motion*

Defendants argue that this case should be dismissed because it is duplicative of *PYMT 1*. Defendants argue that Judge Mendez dismissed *PYMT 1* with prejudice and without leave to amend on September 19, 2016, and Plaintiffs do not have the right to maintain two separate actions involving the same subject at the same time in the same court.

Plaintiffs filed no opposition or response of any kind to Defendants' motion.

*Discussion*

The Ninth Circuit has held that plaintiffs "generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant." Adams v. California Dept. of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007). In *Adams*, a plaintiff was denied leave to file an amended complaint that would have added four new causes of action. See id. at 687. Amendment was denied because the deadline for filing an amended complaint had lapsed and the plaintiff was not able to show "good cause" for the delay. See id. To avoid the consequences of her delay and the district court's denial of leave to amend, the plaintiff filed a second lawsuit in the same court that included the four causes of action that she had attempted to include in the amended complaint. See id. The district court dismissed the second filed lawsuit as duplicative and proceeded to trial on the first filed lawsuit. See id.

It is not clear to the Court that *Adams* is applicable. As discussed above, at the time of the dismissal in *Adams*, there were actually two cases that were on-going and actively being prosecuted. That is, the plaintiff in *Adams* was attempting to maintain two separate lawsuits. In this case, by the time Defendants filed their motion dismiss, *PYMT 1* had long ended. *PYMT 1* was dismissed and closed on September 19, 2016 and no appeal was taken. See *PYMT 1* Doc.

Nos. 46 & 47. Thus, at the time Defendants filed this motion, Plaintiffs were not attempting to maintain two separate actions. Defendants cite no cases that have applied *Adams* when multiple cases were not actually being maintained at the time a dismissal motion was filed. By its express terms, *Adams* does not seem to apply. Nevertheless, it is unnecessary to decide *Adams*'s applicability because Defendants' briefing shows that claim preclusion applies.

"Claim preclusion, often referred to as *res judicata*, bars any subsequent suit on claims that were raised or could have been raised in a prior action." Cell Therapeutics, Inc. v. Lash Grp., Inc., 586 F.3d 1204, 1212 (9th Cir. 2010); see Stewart v. United States Bancorp., 297 F.3d 953, 956 (9th Cir. 2002). Claim preclusion will apply when three elements are met: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties.[1] Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 855 (9th Cir. 2016); Cell Therapeutics, 586 F.3d at 1212; Stewart, 297 F.3d at 956.

With respect to the first element, both *PYMT 1* and this case allege claims based on the shooting death of Torrez during an encounter with members of the City of Fresno Police Department. Cf. Doc. No. 1 with *PYMT 1* Doc. No. 1. Further, as explained above, the same causes of action were alleged in this case and *PYMT 1*. Following the stipulation of the parties, the claims pursued in *PYMT 1* were § 1983 excessive force, § 1983 familial association, § 1983 denial of medical care, intentional infliction of emotional distress, assault, battery, and wrongful death. See *PYMT 1* Doc. Nos. 17, 18. Those are the same claims alleged in the Complaint of this case. See Doc. No. 1. Since this case and *PYMT 1* are based on the shooting death of Torrez, and each cause of action alleged in this case was also alleged in *PYMT 1*, there is clearly an identity of claims. See Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001).

As to the second element, *PYMT 1* was closed pursuant to court order and judgment was entered. See Doc. Nos. 46, 47. All claims in *PYMT 1* were dismissed with prejudice under the court's inherent and statutory authority for failure to comply with a court order and failure to participate in discovery. See id. at Doc. No. 46. Further, all claims by Maria Carrillo and Deibi

---

[1] The Court notes that the first and third elements of claim preclusion are examined in order to determine whether a case may be dismissed as "duplicative." See Adams, 487 F.3d at 688-92.

4

Ontiveros, except for the § 1983 familial association claim, were voluntarily dismissed with prejudice prior to September 2016. See Doc. Nos. 17, 18. Voluntary dismissals with prejudice under Rule 41(a)(1), see Concha v. London, 62 F.3d 1493, 1507 (9th Cir. 1995); Golden v. Barenborg, 53 F.3d 866, 871 (7th Cir. 1995); Burns v. Fincke, 197 F.2d 165, 166 (D.C. Cir. 1952), and involuntary dismissals with prejudice, including dismissals under Rules 37(b)(2) and 41(b), see Owens, 244 F.3d at 714; Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 592 (9th Cir. 1983); Syufy Enterprises v. American Multicinema, Inc., 575 F.Supp. 431, 435 (N.D. Cal. 1983); Carter v. McGowan, 524 F.Supp. 1119, 1121 (D. Nev. 1981), are adjudications "on the merits" for purposes of claim preclusion.[2] Therefore, there is a final judgment on the merits.

Finally, with respect to the third element, there were three plaintiffs in *PYMT 1* who were named in the complaint, PYMT, Deibi Ontiveros (as guardian ad litem, as an individual, and as successor in interest to Torrez), and Maria Carrillo (as an individual and as successor in interest to Torrez). See *PYMT 1* Doc. No. 1. Antonio Moreno was added as a plaintiff in *PYMT 1* through stipulation and pursued a § 1983 familial association claim. See *PYMT 1* Doc. Nos. 17, 18. In this case, the same four individuals are the Plaintiffs in this case. See Doc. No. 1. Because the four Plaintiffs in this case were the same four plaintiffs in *PYMT 1*, there is an identity of parties.[3]

---

[2] In addressing Rule 41(b), the Ninth Circuit has found that dismissals based on a lack of jurisdiction, improper venue, or failure to join a party under Federal Rule of Civil Procedure 19 are not dismissals "on the merits" for purposes of claim preclusion. See Stewart v. United States Bancorp., 297 F.3d 953, 956 (9th Cir. 2002); see also Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1, 824 F.3d 1161, 1168 (9th Cir. 2016). These exceptions are inapplicable. The dismissal in *PYMT 1* was based on a failure to obey court orders and failure to participate in discovery. See Doc. Nos. 38, 46.

[3] The Court notes that in this case, Antonio Moreno is pursuing claims "as an individual and as a successor in interest" pursuant to California Code of Civil Procedure § 377.30, whereas in *PYMT 1*, he only pursued a claim as an individual. Cf. Doc. No. 1 with *PYMT 1* Doc. Nos. 17, 18. Pursuing claims as a "successor in interest" does not change the result. A "survival claim" under § 377.30 is a claim as a representative of the decedent and is an assertion of the decedent's rights. Brenner v. Universal Health Servs. of Rancho Springs, Inc., 12 Cal.App.5th 589, 605 (2017). "There is but one survivor cause of action belonging to the decedent that is brought on behalf of the decedent by the decedent's personal representative or successor in interest." San Diego Gas & Elec. Co. v. Superior Ct., 146 Cal.App.4th 1545, 1553 (2007). In *PYMT 1*, PYMT, Maria Carrillo, and Deibi Ontiveros also pursued claims on behalf of Torrez in a representative capacity as successors in interest. See *PYMT 1* Doc. Nos. 1, 17, 18. Given the nature of a survival claim, the interests of PYMT, Carrillo, Ontiveros, and Moreno as successors in interest are indistinguishable. Cf. Brenner, 12 Cal.App.5th at 605; San Diego Gas, 146 Cal.App.4th at 1553. Further, the Plaintiffs were represented by the same counsel in this case and in *PYMT 1*. Under these circumstances, Moreno as successor in interest is in privity with PYMT, Ontiveros, and Carrillo as successors in interests. See Arduini v. Hart, 774 F.3d 622, 638 (9th Cir. 2014) (in an issue preclusion case, noting that shareholder plaintiffs in two cases were in privity because they were suing on behalf of a corporation in a representative capacity); see also Taylor v. Sturgell, 553 U.S. 880, 894 (2008).

*Conclusion*

The plaintiffs in *PYMT 1* did not participate in the proceedings and their case was dismissed. See *PYMT 1* Doc. Nos. 38, 46. A similar problem has arisen in this case in that the same Plaintiffs did not respond in any manner to Defendants' motion to dismiss. It is not clear that dismissal of this case under *Adams* is appropriate because, at the time Defendants' motion was filed, Plaintiffs were clearly not maintaining two cases in this Court. However, Defendants' briefing and the state of the record demonstrate that claim preclusion applies in light of the voluntary and involuntary dismissals with prejudice in *PYMT 1*. Therefore, dismissal of this case is appropriate.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Doc. No. 15) is GRANTED in part;
2. This case is DISMISSED on the basis of claim preclusion/*res judicata*; and
3. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: June 29, 2017

_____
SENIOR DISTRICT JUDGE